IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

NYCOLE Y. OSTRANDER,

    Plaintiff,

vs.

HSBC BANK USA, N.A., et al.,

    Defendants.

No. CIV S-09-1255 JAM EFB PS

ORDER

---

Plaintiff Nycole Y. Ostrander proceeds *pro se* in this action, which was referred to the undersigned pursuant to E. D. Cal. L. R. ("Local Rule") 72-302(c)(21), and 28 U.S.C. § 636(b)(1), upon removal of this case from Sacramento County Superior Court on May 6, 2009, by defendant "Fremont Reorganizing Corporation, fka Fremont Investment & Loan, erroneously sued as Fremont Investment & Loan, N.A." (hereafter "Fremont"). Plaintiff originally filed this action in the Superior Court on March 16, 2009, as a "Petition To Cancel Note And Deed of Trust," Civil Action No. 34-2009-00037595.

    On May 11, 2009, defendant Fremont filed a motion to dismiss, and noticed the motion for hearing before this court on July 8, 2009. Dckt. No. 8. Also on May 11, 2009, defendants Countrywide Home Loans, Inc. and Countrywide Home Loans Servicing, LP (collectively, "Countrywide") filed a motion to dismiss, and noticed the motion for hearing before this court

on July 8, 2009. Dckt. No. 13. On June 19, 2009, defendants "Litton Loan Servicing LP, erroneously sued herein as Litton Loan Servicing LP, CEO Larry B. Litton, Sr., as loan servicer ('Litton'), and HSBC Bank USA, National Association, as Trustee under the Pooling and Servicing Agreement dated as of February 1, 2005, Fremont Home Loan Trust 2005-A, erroneously sued herein as HSBC Bank USA, N. A., as Trustee under the Pooling and Servicing Agreement dated as of February 1, 2005, Fremont Home Loan Trust 2005-A CEO Martin J G Glynn ('HSBC Bank')," joined in the motions to dismiss.

To date, plaintiff has filed neither an opposition to the motions, or a statement of non-opposition. Local Rule 78-230(c) provides that opposition to the granting of a motion, or a statement of non-opposition thereto, must personally be served upon the moving party, and filed with this court, no later than fourteen days preceding the noticed hearing date,[1] or, in this case, by June 24, 2008. Local Rule 78-230(c) further provides that "[n]o party will be entitled to be heard in opposition to a motion at oral arguments if opposition to the motion has not been timely filed by that party."

Local Rule 83-183, governing persons appearing *in pro se*, provides that failure to comply with the Federal Rules and Local Rules may be ground for dismissal, judgment by default, or other appropriate sanction. "Failure to follow a district court's local rules is a proper ground for dismissal." *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995). *Pro se* litigants are bound by the rules of procedure, even though pleadings are liberally construed in their favor. *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987). Further, Local Rule 11-110 provides that failure to comply with the Local Rules "may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court."

Consistent with the court's obligations to *pro se* litigants, the court will vacate and continue the hearing date on defendants' motions to dismiss, and accord plaintiff an additional

---

[1] Electronic or mail service of an opposition upon the moving party must be made seventeen days preceding the scheduled hearing date. Local Rule 78-230(c).

opportunity to respond to the motions and demonstrate to the court good cause for missing the original deadlines.

Accordingly, good cause appearing, IT IS HEREBY ORDERED that:

1. The hearing date of July 8, 2009, is vacated, and continued to July 29, 2009, at 10:00 a.m., in Courtroom No. 25.

2. Plaintiff shall show cause, in writing, no later than July 15, 2009, why sanctions should not be imposed for failure to timely respond to defendants' motions to dismiss.

3. Plaintiff shall separately file a written opposition to the motions, or a statement of non-opposition thereto, no later than July 15, 2009.  Failure to so respond will be deemed a statement of non-opposition, and shall result in a recommendation that this action be dismissed.

SO ORDERED.

DATED:  June 29, 2009.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

3