IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

NYCOLE Y. OSTRANDER,

        Plaintiff,                      No. CIV S-09-1255 JAM EFB PS

      vs.

HSBC BANK USA, N.A., et al.,          <u>FINDINGS AND RECOMMENDATIONS</u>

        Defendants.

_____/

      Presently pending for decision are motions to dismiss plaintiff's pro se complaint filed by defendant Fremont Investment & Loan, Dckt. No. 8, and defendant Countrywide Home Loans, Dckt. No. 13.[1]  Defendants Litton Loan Servicing and HSBC Bank joined the motions to dismiss on June 19, 2009.  Dckt. Nos. 21, 22.  Plaintiff filed an opposition to the motions to dismiss on June 26, 2009.  Dckt. No. 25.  These matters were submitted for decision on the papers by order filed July 24, 2009, Dckt. No. 30.  For the following reasons, the court recommends that the motions be granted and this case dismissed with prejudice.

////

////

---

[1] The case was removed by defendants from the Superior Court of California, County of Sacramento on May 6, 2009.  Dckt. No. 1.

BACKGROUND

In the instant action plaintiff challenges the foreclosure of her home.  The complaint contains several causes of action, but the underlying theme is that the United States has been in bankruptcy since 1933, thus Federal Reserve notes have no intrinsic value.  Compl. at 9. Plaintiff used her home to secure a $330,000 mortgage on the home and later a $37,900 home equity loan.  *Id*. at 6.  Plaintiff maintains that because Federal Reserve notes are worthless, she received no consideration in exchange for using her home to secure the loans, thus the loans should be cancelled.  *Id*. at 8-9.  Plaintiff also alleges a Racketeer Influenced and Corrupt Organizations Act ("RICO") violation.  *Id*. at 18.  Defendants move to dismiss the entire complaint for failure to state a claim.

The court notes that virtually identical complaints were filed regarding different properties in *Beverly Ostrander v. Fremont Reorganizing Corporation*, CIV S-09-1392 MCE KJM, and *Michael William Ostrander v. Mortgage Electronic Registration Systems, Inc.,* CIV S-09-0099 JAM KJM.[2]  Defendant states that all three plaintiffs are related.  Dckt. No. 18 at 2. The complaint is also substantially similar to the complaint filed in *Khangura v. American Mortgage Express*, CIV S-09-0720, LKK JFM.  All of these cases were dismissed for the same reasons discussed below.

LEGAL STANDARD

In order to survive dismissal for failure to state a claim pursuant to Rule 12(b)(6), a complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  "The pleading must contain something more...than...a statement of facts that merely creates a suspicion [of] a legally cognizable right of action."  *Id*. (quoting 5 C. Wright & A. Miller, *Federal Practice and*

---

[2] A court may take judicial notice of court records.  *See MGIC Indem. Co. v. Weisman*, 803 F.2d 500, 505 (9th Cir. 1986); *United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980).

*Procedure* § 1216, pp. 235-236 (3d ed. 2004)).  "[A] complaint must contain sufficient factual

matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*,

__ U.S. __, 129 S.Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 570).  "A claim has

facial plausibility when the plaintiff pleads factual content that allows the court to draw the

reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*

     In considering a motion to dismiss, the court must accept as true the allegations of the

complaint in question, *Hospital Bldg. Co. v. Rex Hospital Trustees*, 425 U.S. 738, 740 (1976),

construe the pleading in the light most favorable to the party opposing the motion and resolve all

doubts in the pleader's favor.  *Jenkins v. McKeithen*, 395 U.S. 411, 421, *reh'g denied*, 396 U.S.

869 (1969).  The court will "'presume that general allegations embrace those specific facts that

are necessary to support the claim.'"  *National Organization for Women, Inc. v. Scheidler*, 510

U.S. 249, 256 (1994) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992)).

Moreover, pro se pleadings are held to a less stringent standard than those drafted by lawyers.

*Haines v. Kerner*, 404 U.S. 519, 520 (1972).

     The court may consider facts established by exhibits attached to the complaint.  *Durning

v. First Boston Corp.*, 815 F.2d 1265, 1267 (9th Cir. 1987).  The court may also consider facts

which may be judicially noticed, *Mullis v. United States Bankruptcy Ct.*, 828 F.2d 1385, 1388

(9th Cir. 1987); and matters of public record, including pleadings, orders, and other papers filed

with the court, *Mack v. South Bay Beer Distributors*, 798 F.2d 1279, 1282 (9th Cir. 1986).  The

court need not accept legal conclusions "cast in the form of factual allegations."  *Western Mining

Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981).

     A pro se litigant is entitled to notice of the deficiencies in the complaint and an

opportunity to amend, unless the complaint's deficiencies could not be cured by amendment.

*See Noll v. Carlson*, 809 F. 2d 1446, 1448 (9th Cir. 1987).

////

////

3

<u>Nonmoving Defendants</u>

The moving defendants do not encompass all the named defendants.  As explained below, the court will recommend that the motions to dismiss be granted.  As to the nonmoving defendants, the court will recommend dismissal as well.  "A District Court may properly on its own motion dismiss an action as to defendants who have not moved to dismiss where such defendants are in a position similar to that of moving defendants or where claims against such defendants are integrally related." *Silverton v. Dep't of Treasury*, 644 F.2d 1341, 1345 (9th Cir. 1981).  "Such a dismissal may be made without notice where the [plaintiff] cannot possibly win relief." *Omar v. Sea-Land Serv., Inc.*, 813 F.2d 986, 991 (9th Cir. 1987).  The court's authority in this regard includes sua sponte dismissal as to defendants who have not been served and defendants who have not yet answered or appeared. *Columbia Steel Fabricators, Inc. v. Ahlstrom Recovery*, 44 F.3d 800, 802 (9th Cir. 1995).  The claims made here against the nonmoving defendants are integrally related to the claims against the moving defendants.  As plaintiff cannot possibly obtain relief, dismissal of the entire action is therefore appropriate.

<u>DISCUSSION</u>

The gravamen of plaintiff's complaint is that Federal Reserve notes have no value thus she received no consideration in exchange for using her home to secure several loans.  Compl. at 9-10.  Plaintiff contends the loans should be voided as the money she received was worthless. *Id*.

The theory underlying plaintiff's claims is untenable, frivolous and must be rejected outright.  Plaintiff's claims and other similar theories, have been repeatedly dismissed by the courts as baseless and insufficient to withstand a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).  *See, e.g.*, *United States v. Condo*, 741 F. 2d 238, 239 (9th Cir. 1984) (theory that federal reserve notes are not valid currency is frivolous); *Foret v. Wilson*, 725 F.2d 254, 254-55 (5th Cir. 1984) (argument that gold and silver is the only legal tender in United States is hopeless and frivolous); *Beaner v. United States*, 361 F. Supp.2d 1063, 1067-69 (D. S.D. 2005)

4

(granting defendants' motion to dismiss plaintiffs' claim that their mortgage was void because they did not receive legal tender of gold or silver and ordering plaintiffs to pay sanctions for making frivolous arguments); *Rene v. Citibank, N.A.*, 32 F. Supp.2d 539, 544-45 (E.D.N.Y. 1999) (dismissing the defaulting plaintiff's attempt to rescind a home loan based on its allegation that the lender had provided "illegal tender"); *Nixon v. Indiv. Head of Saint Joseph Mortgage Co.*, 615 F. Supp. 898, 899-901 (N.D. Ind. 1985) (dismissing the plaintiff's case to rescind his home loan based on plaintiff's argument that the loan was not backed by legal money and noting that his "arguments and claims [were] absurd" and "smack[ed] of bad faith"); *Tuttle v. Chase Home Finance, LLC*, 2008 WL 4919263, *3-4 (D. Utah Nov. 17, 2008); *Sneed v. Chase Home Finance, LLC*, 2007 WL 1851674, at *3-4 (S.D. Cal. June 27, 2007); *Carrington v. Federal Nat'l Mortgage Assoc.*, 2005 WL 3216226, at *2-3 (E.D. Mich. Nov. 29, 2005).

Plaintiff's claims are based on theories that have been rejected by courts around the country and have no basis in the law.  It is evident that at the time plaintiff accepted the mortgage and home equity loan, she did not have the same intense belief that Federal Reserve notes were worthless and the United States was bankrupt.  Instead, she accepted the loans and has enjoyed use of the "worthless money" since 2004.

Plaintiff also attempts to argue a RICO violation.  The elements of a civil RICO claim include: "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity (known as 'predicate acts') (5) causing injury to plaintiff's 'business or property.'"  *Living Designs, Inc. v. E.I. DuPont de Nemours & Co.*, 431 F.3d 353, 361 (9th Cir. 2005).  Plaintiff must allege that defendants committed at least two of the enumerated predicate acts to establish a RICO violation.  *See* 18 U.S.C. § 1961(5).

Plaintiff's RICO claim fails because she does not identify any substantive violation of RICO or describe the predicate acts upon which her RICO claim is based.  The acts plaintiff describe were an ordinary loan transaction, thus plaintiff's RICO claim must be dismissed.

////

Even if all the allegations as to all of the claims in plaintiff's complaint were accepted as true and were construed in the light most favorable to plaintiff, the complaint fails to state a claim for relief that is plausible on its face.  Moreover, the court cannot discern any manner by which plaintiff could cure the defects discussed above.  It would be futile to grant plaintiff leave to amend, thus the complaint should be dismissed with prejudice.

Accordingly, it is hereby RECOMMENDED that defendants' motions to dismiss, Dckt. Nos. 8, 13, be granted without leave to amend and this case be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: January 12, 2010.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE